Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>     Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>     Plaintiff,<br><br>v.<br><br>JONATHAN WALDERN,<br><br>     Defendant. | Adversary No.:<br><br><br>**COMPLAINT<br>(PREFERENTIAL TRANSFERS)<br>11 U.S.C. § 547(b)** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Debtor***" or "***Meta Estate***"), files this Complaint against Defendant Jonathan Waldern ("***Waldern***"), and alleges as follows:

**PARTIES**

1.      Plaintiff is the chapter 7 trustee for the Meta Estate and has capacity to commence this action under 11 U.S.C. § 323.

2.      Plaintiff is informed and believes and thereon alleges that Defendant Waldern is a resident of California.

1

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4.      Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders and judgments by this Court.

**FACTUAL ALLEGATIONS**

5.      In December 2020, the Debtor entered into an Executive Employment Agreement with Waldern for the position of Chief Technology Officer ("CTO").  After year one, Waldern's compensation was to increase to $250,000 annually with various other benefits.

6.      In approximately June 2023, the Debtor and Waldern entered into a Separation Agreement and Release.  As part of the Separation Agreement ("Separation Agreement"), the Debtor agreed to pay Waldern a total of $125,000, less applicable withholdings, over a period of six months following the Effective Date in equal installments beginning as of the first regularly scheduled payroll date after the Effective Date, in accordance with the Company's regular payroll practices. The Effective Date was on or about June 22, 2023 with the result that the sixth payment was due on or about January 22, 2024.

7.      On August 9, 2024, ("Petition Date"), Meta Materials Inc. filed its chapter 7 petition in the United States Bankruptcy Court, District of Nevada.

8.      On the Petition Date, the Debtor filed its Statement of Financial Affairs ("SOFA") at **[ECF No. 6].**

9.      The SOFA discloses the following payments to Waldern:

| | | |
|---|---|---|
| May 15, 2024 | $  6,265 | (Severance Pay (ND bonus) |
| June 17, 2024 | $  6,265 | (Severance Pay (ND bonus) |
| June 28, 2024 | $  6,265 | (Severance Pay (ND bonus) |
| July 10, 2024 | $37,590 | (Severance Pay (ND bonus) |
| Total | **$56,385** | |

("Transfers").

2

10. At all times relevant, Waldern was an unsecured creditor of the Debtor.

**FIRST CLAIM FOR RELIEF**

**Avoidance and Recovery of Preferential Transfers**

**11 U.S.C. § 547(b)**

11. Plaintiff incorporates by reference paragraphs 1 through 10 as though fully set forth herein.

12. The Transfers to Waldern were transfers of property owned by the Debtor.

13. At the time of the Transfers, Waldern was an unsecured creditor of the Debtor as a result of the antecedent debt arising from the June 2023 Separation Agreement.

14. The Transfers were made by the Debtor to Waldern during the 90 days prior to the Petition Date and at a time when the Debtor was insolvent.

15. The Transfers by the Debtor enabled Waldern to receive more than he would have received in a Chapter 7 liquidation if the Transfers had not been made and Waldern received payment on the debt to the extent provided by the Bankruptcy Code (the "greater recovery" or "improvement-in-position" test).

**SECOND CLAIM FOR RELIEF**

**Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. Pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C. § 547, the Trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of such property, from: (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

18. Waldern was the initial transferee of the Transfers for whose benefit the Transfer was made.

19.     Accordingly, Plaintiff is entitled to recover from Waldern the full amount of the Transfers, in the amount of $56,385, plus pre-judgment and post-judgment interest, costs, and any other appropriate relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

(a) Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b);

(b) Directing Waldern to return to the Plaintiff the full amount of the Transfers of $56,385, plus pre-judgment and post-judgment interest, pursuant to 11 U.S.C. § 550; and

(c) Awarding Plaintiff her costs of suit and such other and further relief as the Court deems just and proper.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff